UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILLEENE RENAE PARKER,

    Petitioner,                             Civil No. 2:20-CV-12163
                                             HONORABLE VICTORIA A. ROBERTS
v.                                         UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Jilleene Renae Parker, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her conviction for armed robbery, M.C.L.A. 75.529, armed robbery causing serious injury, M.C.L.A. 750.529, and two counts of unlawful imprisonment. M.C.L.A. 750.349b.

For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

On May 22, 2019, Petitioner pleaded no contest to the above charges in the Tuscola County Circuit Court.

1

Petitioner informed the judge that she was on probation in the Genesee County Circuit Court. Petitioner told the judge that she could read and write the English language. Petitioner acknowledged that she was pleading no-contest in exchange for the prosecutor's agreement to dismiss the remaining charges. There was also a *Cobbs* [1] agreement for Petitioner to receive 135 months on the minimum sentence. In response to questions from the judge, Petitioner: (1) admitted she reviewing the advice of rights form with her counsel; (2) indicated she understood the rights she was waiving by pleading no contest; (3) denied that any threats or promises were made to induce her plea; and (4) stated that she pled freely and voluntarily. The judge established a factual basis for Petitioner's plea. The parties again acknowledged that there had been no threats or promises other than those stated on the record to obtain Petitioner's plea. (ECF No. 7-3, PageID. 121-27).

The Court sentenced Petitioner on July 31, 2019. The judge informed Petitioner that she was not going to follow the *Cobbs* agreement for 135 months on the minimum sentence, because the sentencing guidelines were higher than originally thought. The judge indicated that she would sentence Petitioner at the bottom of the newly scored sentencing guidelines range of 171-285 months. The

---

[1] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty or no-contest and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x. 701, 703, n.1 (6th Cir. 2007).

judge explained to Petitioner that she had the right to withdraw her plea if she wanted to; Petitioner declined to withdraw her plea. (ECF No. 7-4, PageID. 138-40).

Petitioner allocuted on her behalf. Petitioner informed the judge that no one was supposed to get injured during the robbery. Petitioner told the judge that she had two children, a ten year old and a newborn baby. Petitioner said that she would not have gotten involved with the crime but for her drug problem. Petitioner expressed regret for her drug habit; she told the judge she would do anything in lieu of prison, such as intensive probation, therapy, rehabilitation, being placed on tether, drug testing, and boot camp. Petitioner stated that she asked her sister to look up classes Petitioner could take if she had to go to prison so that she could find a job and resume her role as a mother upon release. Petitioner expressed regret again at being separated from her children. Petitioner hoped to be out of prison in time to see her newborn baby start school. (ECF No. 7-4, PageID. 140-42).

Petitioner was sentenced to concurrent sentences of 14 years and three months to 45 years for armed robbery, 14 years and three months to 45 years for armed robbery causing serious injury, and 8-to-15 years for the two unlawful imprisonment convictions. (ECF No. 7-4, PageID. 145).

Petitioner's conviction was affirmed. *People v. Parker,* No. 351192 (Mich.Ct.App. Dec. 3, 2019); *lv. den.* 505 Mich. 1042, 941 N.W.2d 646 (2020).

Petitioner seeks a writ of habeas corpus. She says: (1) the trial court failed to inquire into her competency at sentencing and (2) denied her a meaningful opportunity to allocute due to her incompetency.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when

4

"a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal on Petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court also Petitioner leave to appeal in a standard form order without any extended discussion.

Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is

5

unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner presents a federal claim to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

The AEDPA deferential standard of review applies where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order; these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

Petitioner argues that she was not mentally competent to plead no contest or to be sentenced; and the judge should have inquired into whether she was mentally competent to proceed. Petitioner claims that she was diagnosed in 2013 with bipolar disorder but stopped taking prescribed medications in 2016, before she pled.

6

A defendant may not be put to trial unless she has a sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against her. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Dusky v. United States*, 362 U.S. 402, 402 (1960). The competency standard for pleading guilty or no contest is identical to the competency for standing trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). The Sixth Circuit applies the *Dusky* standard in evaluating a defendant's competency to proceed to sentencing. *See United States v. Washington*, 271 F. App'x. 485, 490 (6th Cir. 2008).

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue; to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d 1339, 1343 (10th Cir. 1999)(internal citations omitted); *Hastings,* 194 F. Supp. 2d at 670.

Evidence of a defendant's irrational behavior, his or her demeanor at trial or at another court proceeding, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry by a trial court on a defendant's mental state is required, but even one of these factors standing alone, may in some circumstances, be sufficient to trigger a further inquiry into a defendant's mental fitness to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

There are no fixed or immutable signs which invariably indicate the need for a further inquiry to determine the fitness to proceed. *Id.* There must be some manifestation or conduct on a habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings v. Yukins,* 194 F. Supp. 2d at 671. A trial judge is allowed to rely on his or her own observations of the defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id.* (citing to *Bryson v. Ward*, 187 F. 3d 1193, 1201 (10th Cir. 1999)).

A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial or to plead guilty or no contest. *Godinez v. Moran*, 509 U.S. at 401, n. 13. "The due process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The question for a reviewing court is "[w]hether a

reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000)(quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)(additional quotation omitted).

"A state court determination of competence is a factual finding, to which deference must be paid." *Franklin,* 695 F. 3d at 447 (citing *Thompson v. Keohane*, 516 U.S. 99, 108–11 (1995)). A state court's factual determination regarding a defendant's competency to plead guilty or no contest is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins,* 194 F. Supp. 2d at 670. The petitioner has the burden to rebut the presumption of correctness of the state court's determination of his or her competency by clear and convincing evidence. *Doughty v. Grayson,* 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005). Moreover, regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's competence to stand trial were it reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary, and this deference must be paid even to state court factual findings made on appeal. *Franklin,* 695 F. 3d at 447.

Petitioner's procedural competency claim fails because there is no evidence which should have raised a *bona fide* doubt with the trial court as to Petitioner's competency to plead no contest or to be sentenced. Petitioner was lucid at the plea and sentencing. Petitioner responded appropriately to the judge's questions at both hearings and stated she understood what was happening. Petitioner made a lengthy plea for leniency at sentencing. All of these things indicate Petitioner is not entitled to relief; the judge did not unreasonably determine that Petitioner was competent to plead no contest or to be sentenced. *See Franklin*, 695 F.3d at 449.

A habeas petitioner can also raise a substantive competency claim by alleging that she was tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate her incompetency by a preponderance of the evidence. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d at 1344; *Hastings v. Yukins,* 194 F. Supp. 2d at 671.

To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)(internal quotations omitted). A habeas petitioner is entitled to an evidentiary hearing on the issue of her competency to stand trial "if [s]he presents

sufficient facts to create a real and substantial doubt as to [her] competency, even if those facts were not presented to the trial court." *Id.* However, "[A]lthough retrospective determinations of competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence." *Thirkield,* 199 F. Supp. 2d at 653.

The only evidence that Petitioner offers to support her claim that she was incompetent to plead no contest or be sentenced was that she was diagnosed with bipolar disorder in 2013 but discontinued taking her medications for the illness in 2016. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs automatically equates with incompetence. *See Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000); *Hastings v. Yukins,* 194 F. Supp. 2d at 671-72. Mental illness in and of itself does not equate with the incompetency to stand trial. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir.1996); *See also Mackey*, 217 F.3d at 410-14 (upholding determination that habeas petitioner was competent despite an earlier diagnosis of schizophrenia and an affidavit from the defendant's lawyer stating that his client "exhibit[ed] great difficulty in communicating and assisting with his defense."). *See also United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008)("the bar for incompetency is high").

Bipolar disorder, in and of itself, does not render a defendant incompetent to stand trial or to plead guilty or no contest if the defendant is able to understand her rights and participate in the proceedings. *See United States v. Allen*, 665 F. App'x. 531, 534 (6th Cir. 2016); *See also United States v. Alfadhili*, 762 F. App'x. 264, 268 (6th Cir. 2019). The fact that a defendant is not taking or being prescribed medications for a mental illness also does not support a finding of mental incompetency if the defendant is able to understand and participate in the proceedings. *See United States v. Pitts*, 997 F. 3d 688, 700 (6th Cir. 2021).

Petitioner presented no evidence that she was unable to understand the proceedings against her or assist her attorney at the plea or at sentencing. The trial judge engaged in a lengthy colloquy with the Petitioner at the plea hearing, in which she clearly and lucidly answered the judge's questions in an appropriate manner. There is nothing in the record to indicate that Petitioner did not understand the proceedings or responded inappropriately to the judge's questions or to her own counsel's comments. Significantly, nothing in the record establishes that Petitioner was confused or unable to participate in the proceedings. There is no evidence that Petitioner was not in possession of her mental facilities when she pleaded no contest; any "after the fact" incompetency claim is without merit. See *United States v. Calvin,* 20 F. App'x. 452, 453 (6th Cir. 2001); *Hastings v. Yukins,* 194 F. Supp. 2d at 672.

Additionally, Petitioner failed to present evidence that she was not mentally competent at the time of sentencing. She responded that she wanted to allocute and proceeded to make a lengthy statement to the judge. Petitioner expressed remorse for her actions and spoke of their effect on her and her children. She informed the judge of the steps that she was taking to treat her drug addiction and to get an education. She requested leniency from the judge.

Nothing in this record suggests that Petitioner was not competent at the plea or sentencing, or that the trial court failed to make proper inquiry. Petitioner is not entitled to relief on her claim. *See United States v. Harrison,* 146 F. App'x. 821, 823 (6th Cir. 2005).

Petitioner's final argument is that her mental incompetency and the trial court denied her the right to meaningfully allocute at sentencing.

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997)(citing to *Hill v. United States*, 368 U.S. 424, 428 (1962)); *See also United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020)(there is no constitutional right to allocution at sentencing). Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional nor constitutional error cognizable on habeas review. *Scrivner v. Tansy*, 68 F. 3d 1234, 1240 (10th

Cir. 1995); *See also Cooey v. Coyle,* 289 F. 3d 882, 912 (6th Cir. 2002)(declining to issue certificate of appealability on denial of allocution claim).

But Petitioner was not denied her right to allocution; her lengthy and cogent statement to the court is discussed above. A denial of the right of allocution "generally occurs when a defendant is not, personally and unambiguously, invited to address the court before sentencing…or when a court refuses to listen to the defendant's statement." *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004)(internal citations omitted). Allocution is the right to present a defendant's plea in *mitigation*, and is not unlimited. *Id.* (emphasis original, internal citation omitted). The judge permitted Petitioner to make a statement on her own behalf at sentencing.

Petitioner is not entitled to relief on this claim.

## IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v.*

14

*McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; she failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although the Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. Therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. <u>ORDER</u>

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

s/ Victoria A. Roberts<br>
**HON. VICTORIA A. ROBERTS**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated: 6/29/2021**